**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER PATTERSON,

    Plaintiff,

v.                                                          2:14-cv-1249-LDG-CWH

BILL A. BERRETT et al.,                      **ORDER**

    Defendants.

## I. DISCUSSION

On October 10, 2014, this Court issued a screening order and permitted a portion of Count I to proceed and dismissed the remaining portion of Count I with leave to amend. (ECF No. 2 at 7). The Court directed Plaintiff to file an amended complaint curing the deficiencies of Count I within 30 days from the date of entry of that order. (*Id.* at 8). The Court stated that if Plaintiff did not file an amended complaint then the action would proceed against Defendant Clark on the wristband issue only in Count I. (*Id.*). The Court dismissed Counts II, III, and IV, without prejudice, but also without leave to amend. (*Id.* at 7). Plaintiff has not filed an amended complaint.

Count I, alleging First Amendment Free Exercise Clause violations, shall now proceed in part against Defendant Clark with respect to the wristband issue. The portion of Count I referring to "religious materials" is dismissed from this case for failure to amend. The Court also dismisses Defendants Berrett, Sweetin, and Brower from this case for failure to state a claim against them.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Count I, alleging First Amendment Free Exercise Clause violations, shall proceed in part against Defendant Clark with respect

to the wristband issue. The portion of Count I referring to "religious materials" is dismissed from this case for failure to amend.

**IT IS FURTHER ORDERED** that Counts II, III, and IV are dismissed from this case in accordance with this Court's October 10, 2014 screening order.

**IT IS FURTHER ORDERED** that Defendants Berrett, Sweetin, and Brower are dismissed from this case in their entirety.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ISSUE** a summons for Defendant Clark, **AND DELIVER THE SAME**, along with the complaint (ECF No. 3), to the U.S. Marshal for service. The Clerk also **SHALL SEND** to Plaintiff **one (1)** USM-285 form, one copy of the complaint and a copy of this order. Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that the Court, in its discretion, may order a *subpoena duces tecum* to the custodian of records at CCDC directing the custodian to provide the first and last names and last-known addresses of the correctional officers identified in the complaint.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed

with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: This _14_ day of November, 2014.

_____
United States District Judge