UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER PATTERSON,             )
                                    )   Case No. 2:14-cv-01249-LDG-CWH
          Plaintiff,                )
                                    )   **ORDER**
vs.                                 )
                                    )
BILL A. BERRETT, *et al.*,          )
                                    )
          Defendants.               )
_____ )

Before the Court are Defendants Lt. Clark and Deputy Chief Todd Fasulo's ("defendants") Motion to Compel (doc. # 23) and Motion for Sanctions (doc. # 24), both filed April 28, 2015. Plaintiff Christopher Patterson ("plaintiff") did not file responses to these motions.

**BACKGROUND**

This is a civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2014, plaintiff filed an application to proceed in forma pauperis and a complaint. See Doc. # 1. On October 10, 2014, the Court entered a screening order: (1) granting plaintiff's request to proceed in forma pauperis; (2) dismissing Counts II, III, and IV of plaintiff's complaint without prejudice, and without leave to amend; and (3) allowing Count I of plaintiff's complaint referring to "wristbands" to proceed, and providing plaintiff an opportunity to amend the portion regarding "religious materials." See Doc. # 2. Plaintiff failed to amend, which led the Court to issue an order dismissing the "religious materials" portion of Count I of the complaint. See Doc. # 4. Thereafter, Deputy Chief Todd Fasulo was named a defendant in this action. See Doc. # 10; Doc. # 15. The Court subsequently entered a scheduling order setting a discovery cut-off date of April 30, 2015. See Doc. # 13. Since that time, the parties

have attempted to engage in discovery, with defendants eventually filing the instant motions.

## DISCUSSION

**1.      Motion to Compel (doc. # 23)**

Defendants bring the instant motion to compel plaintiff to answer interrogatories and requests for production of documents previously served on plaintiff. Defendants contend they attempted to obtain discovery from plaintiff, to no avail, with plaintiff responding in a letter that he refuses to answer defendants' discovery requests "until the appropriate time or [when] the Court orders [him] to[..]." Doc. # 23 at 55.

A review of the record reveals that defendants mailed their discovery requests to plaintiff on January 16, 2015, with defendants sending a follow-up letter to plaintiff on March 3, 2015, and plaintiff refusing to answer defendants' discovery requests in a letter dated March 7, 2015. See Doc. # 23 at 52-56. The Court notes that plaintiff was required to serve his answers within 30 days after having been served with defendants' interrogatories and requests for production of documents. See Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). The fact that plaintiff fails to provide a basis, or good cause, for his refusal leads this Court to conclude that plaintiff must respond to defendants' discovery requests. This Court also finds that plaintiff's failure to timely respond to defendants' discovery requests results in a waiver of objections. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); E.E.O.C. v. Kovacevich "5" Farms, No. 1:06-cv-0165-OWW-TAG, 2007 WL 1599772, at *3, 11 (E.D. Cal. Jun. 4, 2007). As such, plaintiff is directed to respond to defendants' discovery requests no later than June 18, 2015, without objection.

**2.      Motion for Sanctions (doc. # 24)**

Defendants move the Court for attorney's fees in the amount of $570.00 for plaintiff's failure to respond, which allegedly necessitated efforts to obtain responses, along with the instant motion and attachments.

The Court notes that plaintiff's failure to serve answers is sanctionable under Federal Rule of Civil Procedure 37(d)(3), which provides that sanctions may include any of those listed under Rule 37(b)(2)(A)(i)-(vi), or reasonable expenses and attorney's fees incurred by the moving party. This Court will not sanction plaintiff at this time. However, the Court warns plaintiff that continued failure

to display good faith efforts to conduct discovery will result in sanctions.

## **CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that defendants' Motion to Compel (doc. # 23) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall serve responses to the outstanding Rule 33 and Rule 34 discovery requests **no later than Thursday, June 18, 2015**, without objection.

**IT IS FURTHER ORDERED** that defendants' Motion for Sanctions (doc. # 24) is **denied**.

DATED: May 28, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**