UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER PATTERSON, )
              Plaintiff, )  Case No. 2:14-cv-01249-LDG-CWH
)
vs. )  **ORDER**
)
BILL A. BERRETT, *et al.*, )
)
              Defendants. )
_____ )

      Before the Court are Plaintiff Christopher Patterson's ("plaintiff") motions to inspect evidence (doc. # 27) and strike the response (doc. # 33). Also before the Court are Defendants Lt. Clark and Deputy Chief Todd Fasulo's ("defendants") responses (docs. # 31, # 37), and plaintiff's reply (doc. # 38).

**BACKGROUND**

      This is a civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2014, plaintiff filed an application to proceed in forma pauperis and a complaint. See Doc. # 1. On October 10, 2014, the Court entered a screening order: (1) granting plaintiff's request to proceed in forma pauperis; (2) dismissing Counts II, III, and IV of plaintiff's complaint without prejudice, and without leave to amend; and (3) allowing Count I of plaintiff's complaint referring to "wristbands" to proceed, and providing plaintiff an opportunity to amend the portion regarding "religious materials." See Doc. # 2. Plaintiff failed to amend, which led the Court to issue an order dismissing the "religious materials" portion of Count I of the complaint. See Doc. # 4. Thereafter, Deputy Chief Todd Fasulo was named a defendant in this action. See Doc. # 10; Doc. # 15. The Court subsequently entered a scheduling

order setting a discovery cut-off date of April 30, 2015. See Doc. # 13. Since that time, the parties have attempted to engage in discovery, with this Court eventually ordering plaintiff to respond to defendants' discovery requests no later than June 18, 2015, without objection. See Doc. # 32.

**DISCUSSION**

**1.    Motion to Inspect Evidence (doc. # 27)**

Plaintiff brings the instant motion to compel defendants to produce various documents that plaintiff believes are within the custody of defendants.

In response, defendants contend that plaintiff has failed to comply with the prerequisites of filing a motion to compel. Defendants also point out that plaintiff failed to communicate his discovery requests to defendants prior to filing the instant motion. Plaintiff did not file a reply.

Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.Pro. 37(a)(1). Moreover, Local Rule 26-7(b) states that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." Loc.Civ.R. 26-7(b).

Rule 37's meet and confer requirement and Local Rule 26-7(b)'s personal consultation requirement serve important purposes; they "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." Nevada Power v. Monsanto, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." Id. To serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." Id. To do so, the parties must "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." Id. Judicial intervention is only appropriate when: (1) informal negotiations reach an impasse on the substantive

issue disputed, or (2) a party acts in bad faith by refusing to engage in negotiations or by refusing to provide specific support for its claims of privilege.  Id.

Here, plaintiff has not even bothered to communicate his discovery requests to defendants before filing the instant motion.  Thus, plaintiff fails to demonstrate that he has attempted to engage in the type of meet and confer process or personal consultation contemplated by the rules.  As such, plaintiff's motion is denied.

**2.    Motion to Strike the Response (doc. # 33)**

Plaintiff also asks the Court to strike defendants' response (doc. # 31) to plaintiff's motion to inspect evidence (doc. # 27).

Defendants, in opposition, point out that plaintiff fails to provide any basis for the Court to strike the response.  Defendants also point out that plaintiff fails to provide the Court with any evidence demonstrating his efforts to obtain discovery from defendants.  Defendants add that plaintiff even admits he has failed to utilize the proper procedures to obtain the discovery he seeks.

In reply, plaintiff reiterates his request to strike defendants' response (doc. # 31), claiming he is entitled to such because defendants are "unjustly infringing" on his rights.

This Court agrees with defendants that no basis exists for granting the instant motion.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to inspect evidence (doc. # 27) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike the response (doc. # 33) is **denied**.

DATED: July 15, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**