1

2

3

4

5

6

7    **UNITED STATES DISTRICT COURT**

8    **DISTRICT OF NEVADA**

9

10   CHRISTOPHER PATTERSON,

11       Plaintiff,                         Case No. 2:14-cv-01249-LDG (CWH)

12   v.                                     **ORDER**

13   BILL BERRETT, ESQ., *et al*.,

14       Defendants.

15

16

17       Following screening of plaintiff Christopher Patterson's *pro se* complaint brought

18   pursuant to 42 U.S.C. §1983, the Court permitted Patterson to proceed with his claim

19   against defendants Lieutenant Clark and Chief Fasulo, in their official capacity, that the

20   Clark County Detention Center's requirement that inmates and detainees wear

21   identification wristbands violated his rights regarding the free exercise of his religion.  The

22   defendants move for summary judgment (#28), which motion Patterson opposes (#30).

23   Having considered the pleadings, papers, arguments, and admissible evidence submitted

24   by the parties, the Court will grant the defendant's motion.

25

26

1 | Motion for Summary Judgment

2       In considering a motion for summary judgment, the court performs "the threshold

3 inquiry of determining whether there is the need for a trial—whether, in other words, there

4 are any genuine factual issues that properly can be resolved only by a finder of fact

5 because they may reasonably be resolved in favor of either party." *Anderson v. Liberty*

6 *Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir.

7 2012). To succeed on a motion for summary judgment, the moving party must show (1)

8 the lack of a genuine issue of any material fact, and (2) that the court may grant judgment

9 as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

10 (1986); *Arango*, 670 F.3d at 992.

11       A material fact is one required to prove a basic element of a claim. *Anderson,* 477

12 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily

13 renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere

14 existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."

15 *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting

16 *Anderson*, 477 U.S. at 252).

17       "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after

18 adequate time for discovery and upon motion, against a party who fails to make a showing

19 sufficient to establish the existence of an element essential to that party's case, and on

20 which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of

21 course, a party seeking summary judgment always bears the initial responsibility of

22 informing the district court of the basis for its motion, and identifying those portions of 'the

23 pleadings, depositions, answers to interrogatories, and admissions on file, together with the

24 affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

25 fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving,

26 at trial, the claim or defense that the motion for summary judgment places in issue, the

2

1 moving party can meet its initial burden on summary judgment "by 'showing'–that is,

2 pointing out to the district court–that there is an absence of evidence to support the

3 nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests

4 on the party moving for summary judgment, then in moving for summary judgment the

5 party must establish each element of its case.

6       Once the moving party meets its initial burden on summary judgment, the non-

7 moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro.

8 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir.

9 2000).  As summary judgment allows a court "to isolate and dispose of factually

10 unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the

11 evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H.*

12 *Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however,

13 will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co.*

14 *v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot

15 "'rest upon the mere allegations or denials of [its] pleading' but must instead produce

16 evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'"

17 *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed.

18 R. Civ. Pro. 56(e)).

19

20 Fed. R. Civil Pro. 36

21       Pursuant to Rule 36(a)(1)(A), "[a] party may serve on any other party a written

22 request to admit, for purposes of the pending action only, the truth of any matters within the

23 scope of Rule 26(b)(1) relating to: facts . . . ."  "A matter is admitted unless, within 30 days

24 after being served, the party to whom the request is directed serves on the requesting party

25 a written answer or objection addressed to the matter and signed by the party or its

26 attorney."  Rule 36(a)(3).  Finally, "[a] matter admitted under this rule is conclusively

1  established unless the court, on motion, permits the admission to be withdrawn or

2  amended."  Rule 36(b).

3

4  Analysis of Plaintiff's Claim

5        To bring a §1983 claim alleging a violation of the Free Exercise Clause, an inmate

6  (or detainee) must have a belief that is religious in nature and that is sincerely held.  *See*

7  *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

8        The defendants served the plaintiff with requests for admissions on January 16,

9  2015, and on March 16, 2015.  On March 3, 2015, the defendants reminded the plaintiff, by

10  letter, of his obligation to respond to discovery requests and that the requested admissions

11  would be deemed admitted if the plaintiff failed to respond to them.  Among the Requests

12  for Admissions, the defendants requested that the plaintiff admit that his religious affiliation

13  does not hold that it is contrary to the religious tenets to wear an inmate wristband.  The

14  defendants further requested that the plaintiff admit that his refusal to wear a wristband

15  does not result from a sincerely held religious belief.  The plaintiff failed to respond to either

16  admission.

17        In opposing the motion for summary judgment, the plaintiff does not dispute that he

18  did not respond to the Requests for Admissions.  Further, he has not otherwise sought to

19  withdraw or amend the deemed admissions.

20        Accordingly, the plaintiff is deemed to have admitted that his religious affiliation does

21  not hold that it is contrary to the religious tenets to wear an inmate wristband and further

22  admitted that his refusal to wear a wristband does not result from a sincerely held religious

23  belief.  As these matters are conclusively established, the plaintiff cannot maintain his

24  action alleging a violation of his Free Exercise Clause rights.

25        Therefore,

26

4

1    THE COURT **ORDERS** that Defendants' Motion for Summary Judgment (#28) is

2  GRANTED; The Plaintiff's Complaint against the Defendants is DISMISSED with prejudice;

3    THE COURT FURTHER **ORDERS** that, as this resolves all remaining claims

4  brought by the plaintiff, the Clerk of the Court shall enter judgment in favor of the

5  defendants.

6

7  DATED this _____ day of March, 2016.

8

9                                                    Lloyd D. George
                                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5